## Stepp, et al. v. Lowe, et al.

(Decided January 11, 1916.)

### Appeal from Pike Circuit Court.

Life Estates—Remainders—Rights of Parties.—Where a deed con-
veyed land to one with remainder to his children, a purchaser
from the life tenant took only the life estate and was chargeable
with the value of the timber cut from the land for commercial
purposes, but could not burden the land with the value of improve-
ments.

J. R. JOHNSON, Jr., and J. M. YORK for appellants.

JOHN F. BUTLER and J. J. MOORE for appellees.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

In 1899, L. T. Lowe and his wife conveyed to their
son, John B. Lowe, a tract of land in Pike county "for
his lifetime, and then to his heirs." In 1901 John B.
Lowe brought an action in the Pike circuit court against
the grantors in the deed for the purpose of having an
alleged mistake corrected, the mistake being, as averred
in the petition, that the grantors intended to convey to
him the fee simple title and not a life estate in the land.
The grantors did not answer, and a judgment was en-
tered adjudging that the deed was intended to invest
John B. Lowe with the fee simple title to the land but
that by mistake of the draughtsman of the deed, he was
only invested with a life estate, with remainder to his
heirs. It was further adjudged that the deed be cor-
rected so as to invest John B. Lowe with the fee.

After this judgment was entered, John B. Lowe sold
the land to Jane Stepp, who conveyed it to her son,

John Ingram Stepp, the appellant, and his children. Subsequently, this suit was brought by the appellees, Guff Lowe and June Lowe, infant children of John B. Lowe, for the purpose of having the judgment in the case of John B. Lowe v. L. T. Lowe, in so far as it affected their interest, cancelled, and asking that they be adjudged the owners of the remainder interest in fee in the land. They further sought to recover from the Stepps the value of timber taken by them from the land for commercial purposes.

It was further averred that at the time the suit for the purpose of reforming the deed was instituted and the judgment in that case rendered, John B. Lowe was a married man, and before the rendition of the judgment there was born to him of the marriage one child, the appellant, Guff Lowe, but that Guff Lowe was not made a party to the suit brought for the purpose of correcting the alleged mistake in the deed.

The answer, after denying that timber of more than the value of three hundred dollars had been taken from the land for commercial purposes, set up that the Stepps had put valuable and permanent improvements on the land of the value of two thousand dollars.

The evidence shows very clearly that Guff Lowe, the appellant, was born before the judgment correcting the alleged mistake in the deed was entered; and it is also plain that as the deed made by L. T. Lowe to John B. Lowe conveyed only a life estate to him with remainder to his children, Guff Lowe, his then living child, could not be divested of his remainder interest in the land by a suit to which he was not a party. The evidence further shows that the Stepps took timber of considerable value from the land and used it solely for commercial purposes.

With the evidence in this condition, the court adjudged that the judgment was void in so far as it affected the interest of the children of John B. Lowe; and the deed made by John B. Lowe to Jane Stepp, as well as the deed made by Jane Stepp to John Ingram Stepp and his children, were each cancelled in so far as they purported to convey the fee in the land; but, it was adjudged that Jane Stepp took under the deed from John B. Lowe an estate for the life of John B. Lowe in the land, and this estate she had the right to convey to John Ingram Stepp and his children. It was further

adjudged that John Ingram Stepp had cut and sold from the land timber of the value of eleven hundred dollars, and for this judgment was given against him. The court further denied the right of the Stepps to recover anything on account of the improvements claimed to have been put on the land by them.

We think under the facts of this case the judgment was proper, and it is affirmed.